ANNIE L. HART *vs.* A. V. ELMORE.

Knox.    Opinion September 24, 1928.

*Oscar H. Emery*, for plaintiff.
*Edward K. Gould*, for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, BARNES, BASSETT, PATTANGALL, JJ.

DUNN, J.    The brief of counsel for the defendant discusses that the verdict, adverse to his client, is obviously wrong.

Discussion proceeds along the line that the issues in a former and the present action between the same parties are in a legal sense the same.

One who moves this Court that a verdict be set aside, on the ground that, being against evidence, the verdict is contrary to law, is required by statute to supplement his motion by a report of the whole evidence. R. S., Chap. 87, Sec. 57, as amended by 1925 Laws, Chap. 170.

The report of the evidence in this case contains a copy of the declaration in the writ, of the defendant's pleadings, and a transcript of the testimony. The former action, which was referred under a rule to referees, whose finding has been accepted, has mention in the testimony. The docket entries appear there also. But copies of the writ, the declaration, the plea, and the referee's report in that action, all which were admitted into the evidence at the jury trial of this action, are not in the report of the evidence.

In his brief statement, defendant sets up with particularity the already satisfied judgment, but the brief statement is not evidence.

On cross-examination plaintiff testified that she recovered a judgment against the defendant, and that the judgment had been satisfied. This avails nothing. The testimony does not reach to identity of issues.

Where, as here, the case is submitted on less than a report of the whole evidence, there is no authority to consider the motion. *Rogers* v. *Kennebec, etc., Company*, 38 Maine, 227; *Bradbury* v. *Saco, etc., Company*, 41 Maine, 155.

The mandate must be:

> *Motion overruled.*
> *Judgment on the verdict.*